UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-120(1) (ECT/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FAITH ROSE GRATZ,

    Defendant.

PLEA AGREEMENT AND SENTENCING STIPULATIONS

The United States of America and the defendant, Faith Rose Gratz, agree to resolve this case on the following terms and conditions. This plea agreement binds only Gratz and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. Gratz agrees to plead guilty to Count 1 of the Indictment, charging her with conspiracy to distribute methamphetamine in possession of a firearm in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). The Defendant fully understands the nature and elements of the crime with which she has been charged. At the time of sentencing, the Government agrees to move to dismiss the remaining count in the Indictment that is currently pending against the Defendant.

2. **Factual Basis**. Gratz stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

In early April 2022, investigators at the Minnesota Correctional Facility in Stillwater received a tip that an inmate, Axel Kramer, illegally possessed a cell phone in his cell. Investigators searched Kramer's cell and found the phone. Investigators reviewed the phone and found that Kramer was regularly texting with Gratz, who at the time was a correctional officer at the Stillwater prison. Gratz provided Kramer with the cell phone.

The hundreds of text messages on Kramer's phone detailed an ongoing arrangement between Gratz and Kramer to smuggle drugs into the prison. Kramer communicated with another inmate at the prison with the alias "Chino." Chino had several individuals outside of the prison who were able to obtain prepackaged drugs (primarily meth). Chino then gave Kramer information about his drug sources, including a planned meet up time and location. Kramer arranged for Gratz to pick up the drug packages.

After picking up the drugs from the sources outside of the prison, Gratz smuggled them into the prison. Gratz gave drug packages to Kramer inside of the prison. Gratz gave him the drugs while guarding Kramer while he was on office cleaning duty.

Gratz would also send Kramer text messages tipping him off about upcoming searches of inmates' cells.

In early April, just days before investigators confiscated Kramer's phone, Kramer texted Gratz about picking up drugs from a source and bringing them into the prison when she returned to work from her days off. Kramer and another inmate

planned a meet up to get Gratz the drugs. Gratz met up with the other inmate's wife at a gas station. The drugs were already paid for, and Gratz's role was to pick up the drugs and bringing them into the prison. Several days after picking up the drugs, when Gratz was returning to work at the prison facility, she brought the drugs with her in her car. Gratz brought the drugs with the purpose of smuggling the drugs into the prison.

3. **Waiver of Pretrial Motions**.  Gratz understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement and based upon the concessions of the United States contained herein, Gratz knowingly, willingly and voluntarily agrees to withdraw any pretrial motions she may have already filed and to give up the right to file any additional pretrial motions.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that she has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and

voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

    5.    **Additional Consequences**. The defendant understands that as a result of her conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

    6.    **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

    a. a maximum term of life imprisonment. (21 U.S.C. § 841(b)(1)(A));

    b. a mandatory minimum term of imprisonment of 10 years. (21 U.S.C. § 841(b)(1)(A));

    c. a supervised-release term of at least 5 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

    d. a fine of up to $10,000,000. (21 U.S.C. § 841(b)(1)(A) and 3571(b)(3)); and

    e. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

    7.    **Guidelines Calculations**. The parties acknowledge Gratz will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and

the Probation Office all information in their possession regarding the offense, including relevant conduct, and Gratz's background.

    a.    **Base Offense Level**. The parties agree that the base offense level for Count 1 of the Indictment is **32** because the amount of methamphetamine (Actual) was more than 200 grams. USSG § 2D1.1(a)(5) & (c)(4).

    b.    **Specific Offense Characteristics**. The parties agree that for Count 1 of the Indictment, because the object of the offense was the distribution of a controlled substance into a prison facility, the base offense level should be increased by **2 levels**. USSG § 2D1.1(b)(4). Based on the information currently available to them, the parties agree that Gratz meets the eligibility requirements of the Limitation of Applicability of Statutory Minimum Sentences (the "safety valve," (*see* U.S.S.G. § 2D1.1(b)(18)), provided that she meets the requirements listed in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). This is not a binding stipulation, and the application of this provision to the Defendant will be determined at the time of sentencing. If Gratz is safety valve eligible, the base offense level should be decreased by **2 levels**. U.S.S.G. § 2D1.1(b)(18) & § 5C1.2(a). The parties agree that no other specific offense characteristics or adjustments apply.

    c.    **Chapter Three Adjustments**. The parties agree that a **2 level** enhancement applies for Abuse of a Position of Trust. USSG § 3B1.3. The parties agree that apart from Acceptance of Responsibility, as outlined below, no other Chapter Three Adjustments apply.

    d.    **Acceptance of Responsibility**. The parties agree that if and only if the defendant: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b). The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this agreement, however, limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of

responsibility, including moving to withdraw her guilty plea after it is entered.

After applying all adjustments, the adjusted total offense level is **31**.

  e. **Criminal History Category**.  Based on the information currently available, the parties believe the defendant has a criminal history category of **I**.  This is not a stipulation but merely a belief based on an assessment of the information currently known.  Accordingly, the parties agree that the defendant's actual criminal history category and related status will be determined by the Court based on the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing.

  f. **Guidelines Ranges**.  If the adjusted total offense level is **31**, and the criminal history category is **I**, the advisory Guidelines range is **108-135 months' imprisonment**.

  g. **Fine Range**.  If the adjusted total offense level is ~~27~~ 31, the applicable fine range is $30,000 to $300,000. USSG § 5E1.2(c)(3).

  h. **Special Assessments**.  The Guidelines require payment of a special assessment in the amount of $100.00.  USSG § 5E1.3.  Gratz understands and agrees that this special assessment is due and payable at or before sentencing.

  i. **Supervised Release**.  The Guidelines require a term of supervised release of 5 years.  USSG § 5D1.2(c).

8. **Revocation of Supervised Release**.  Gratz understands that if she were to violate any supervised release condition while on supervised release, the Court could revoke her supervised release, and Gratz could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3).  *See* USSG §§ 7B1.4, 7B1.5. Gratz also understands that as part of any revocation, the Court may include a requirement that she be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**.  The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Gratz will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**.  The parties are free to recommend whatever sentence they deem appropriate.  The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3.  The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663 applies and that the Court may order the defendant to make restitution to the victims of her crime.

13. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the defendant's violation of Title 18, United States Code, Section 922. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest she may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the ammunition.

14. **Waiver of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney.

The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, Gratz agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 9/7/22

ANDREW M. LUGER
United States Attorney

*/s/ Harry M. Jacobs*
BY: HARRY M. JACOBS
Assistant United States Attorney

Dated: 9/8/22

*/s/ Faith Gratz*
FAITH ROSE GRATZ
Defendant

Dated: 9/8/22

*/s/ Dea Cortney*
DEA CORTNEY, ESQ.
Attorney for Defendant